

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE  
Room 230

RUBY J. KRAJICK  
Clerk of Court

## Instructions for Filing
## Petition for a Writ of *Habeas Corpus* under
## 28 U.S.C. § 2254

1. **Who should use this form:** You should use this form if you are in custody (such as in prison or subject to supervised release) based on a state court conviction and you are challenging your state court conviction or sentence because it violates federal law, such as the United States Constitution. You must first present to the state court your arguments that your conviction violates federal law, either on direct appeal or in an application outside the appeal process. You must include in your federal § 2254 petition all grounds for relief and facts supporting such grounds and indicate that each ground was already presented to the state court. If you were convicted in Bronx, Dutchess, New York (Manhattan), Orange, Putman, Rockland, Sullivan or Westchester counties, then the Southern District of New York is the proper district to file a § 2254 petition.

2. **Who should *not* use this form:** If you want to challenge the validity of a federal court judgment of conviction and sentence, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered that judgment. If you want to challenge your immigration detention or other immigration related issues, you should use the form Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (For Immigration Matters).

3. **Caption:** The caption is located in the top left corner on the first page of the petition. You, as the person filing the petition, are the "petitioner." Generally, the Warden or Superintendent of the institution in which you are confined is the "respondent." The respondent may also be the government official responsible for your confinement.

4. **Signature:** The petition must be signed with a pen.

5. **Fee:** The filing fee for a *habeas* petition brought under 28 U.S.C. § 2254 is $5. If you cannot afford to pay this fee, you can request that the Court waive the fee by submitting a Request to Proceed *In Forma Pauperis*.

AO 241 (Rev. 10/07)                                                                                                                                                Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of New York | |
|---|---|---|
| Name (under which you were convicted): Gigi Jordan | | Docket or Case No.: |
| Place of Confinement: Bedford Hills Correctional Facility | Prisoner No.: 15G0448 | |
| Petitioner (include the name under which you were convicted): Gigi Jordan | v. | Respondent (authorized person having custody of petitioner): Amy Lamanna, in her official capacity as Superintendent of the Bedford Hills Corr. Facility |
| The Attorney General of the State of New York | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   The Supreme Court of the State of New York for New York County, Part 82
   60 Centre Street, New York, New York 10007

   (b) Criminal docket or case number (if you know):   Index No. 621-10

2. (a) Date of the judgment of conviction (if you know):   11/5/2014

   (b) Date of sentencing:   5/28/2015

3. Length of sentence:   18 years, plus 5 years supervised release

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   first degree manslaughter

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241     Page 3
(Rev. 10/07)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

n/a

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

    ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court:     New York Supreme Court Appellate Division, First Department

    (b) Docket or case number (if you know):     Index No. 621/10

    (c) Result:     relief denied; conviction and sentence affirmed

    (d) Date of result (if you know):     12/22/2016

    (e) Citation to the case (if you know):     145 A.D.3d 584

    (f) Grounds raised:

-- failure to instruct the jury on a duress defense
-- violation of the federal public trial right under the Sixth Amendment
-- improper sentencing considerations

    (g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

        If yes, answer the following:

        (1) Name of court:     New York Court of Appeals

        (2) Docket or case number (if you know):     Index No. 621/10

        (3) Result:
            review denied

        (4) Date of result (if you know):     5/3/2017

AO 241 (Rev. 10/07)

Page 4

      (5) Citation to the case (if you know):    29 N.Y.3d 1033

      (6) Grounds raised:

          violation of the federal public trial right under the Sixth Amendment

  (h) Did you file a petition for certiorari in the United States Supreme Court?    ☑ Yes    ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know):    No. 17-487

    (2) Result:
        review denied

    (3) Date of result (if you know):    11/27/2017

    (4) Citation to the case (if you know):    138 S. Ct. 481

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)    (1) Name of court:    n/a

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

        (7) Result:

        (8) Date of result (if you know):

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:   n/a

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐  Yes   ☐  No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:   n/a

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☐ Yes  ☐ No

(2) Second petition:  ☐ Yes  ☐ No

(3) Third petition:  ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**
The trial court violated petitioner's federal public-trial right under the Sixth Amendment. In support of this claim, petitioner expressly incorporates by reference the attached memorandum.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Midway through petitioner Gigi Jordan's nine-week criminal trial, the judge abruptly declared that he had "to close the courtroom" so that he and the lawyers could speak "about something that has to be done in private." All of the spectators (including many members of the press) were expelled from the packed gallery, the courtroom doors were closed, and the courtroom deputy assumed a position guarding the doors. "Let's make sure no one enters the courtroom, please, sergeant," the trial judge instructed, because "[t]he courtroom is closed to spectators." The closure lasted for the duration of a lengthy and substantive proceeding addressing public commentary on the trial, controversies over evidentiary rulings at trial, possible ethics violations by members of the defense team, and a motion for a corrective jury instruction. The court took evidence during the hearing. Despite clear law requiring it, the trial judge did not first hold a hearing or make findings of fact on the necessitaty of the closure. The courtroom closure had a clear but not fully knowable effect on the remainder of the criminal proceedings. Beyond these facts, petitioner expressly incorporates by reference all facts alleged in the attached memorandum.

(b) If you did not exhaust your state remedies on Ground One, explain why:

n/a

≋AO 241                                                                                                 Page 7
(Rev. 10/07)

(c)      **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes   ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:
          n/a

(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes    ☑ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?                                ☐ Yes   ☐ No

        (4) Did you appeal from the denial of your motion or petition?                        ☐ Yes   ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241     Page 8
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

n/a

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No
        (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
           ☐ Yes    ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):
        Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

n/a

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

&AO 241
(Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

n/a

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

n/a

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

Petitioner filed a petition for a writ of certiorari with the U.S. Supreme Court as part of her direct appeal, Case No. 17-487. The Supreme Court summarily denied certiorari on November 27, 2017. This is the same petition identified in question 9(h), above.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

   Gerald L. Shargel, Esq. (Ret.)

(b) At arraignment and plea:

   Gerald L. Shargel, Esq. (Ret.)

(c) At trial:

   Allan L. Brenner (Deceased); Norman Siegel, 260 Madison Ave., 22nd Fl., NY, NY 10016; Earl S. Ward, 600 Fifth Ave., 10th Fl., NY, NY 10020; Ronald L. Kuby, 119 West 23rd St., NY, NY 10011; Alan M. Dershowitz, 1575 Mass. Ave., Cambridge, MA 02138

(d) At sentencing:

   Allan L. Brenner (Deceased); Norman Siegel, 260 Madison Ave., NY, NY 10016; Earl S. Ward, 600 Fifth Ave., 10th Fl., NY, NY 10020; Ronald L. Kuby, 119 West 23rd St., NY, NY 10011

(e) On appeal:

   Allan L. Brenner (Deceased); Norman Siegel, 260 Madison Ave., NY, NY 10016; Earl S. Ward, 600 Fifth Ave., 10th Fl., NY, NY 10020; Marc Fernich, 810 7th Ave, NY, NY 10019; Michael B. Kimberly

(f) In any post-conviction proceeding:

   n/a

(g) On appeal from any ruling against you in a post-conviction proceeding:

   n/a

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   n/a

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
1. Assume jurisdiction over this matter;
2. Issue a writ of habeas corpus and order that petitioner be released unless she is afforded a constitutionally adequate public trial or resentencing;
3. Grant any and all other relief that the Court deems just and proper.
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on   11/20/18   (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. Henninger S. Bullock of Mayer Brown LLP is petitioner's attorney and agent; he has been expressly authorized to file this petition on petitioner's behalf. Petitioner has not signed because of practical difficulties associated with obtaining signed documents from her while incarcerated.