UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIGI JORDAN,

                              Petitioner,

-v-

AMY LAMANNA, *superintendent of Bedford Hills Correctional Facility*,

                              Respondent.

CIVIL ACTION NO.: 18 Civ. 10868 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On September 25, 2020 the Court granted Petitioner Gigi Jordan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and ordered Respondent to "release Jordan from Custody unless the DA inform[ed] the Court of its decision to re-try her within the next 90 days." (the "September 25 Order"). (ECF No. 34 at 42). Respondent appealed the September 25 Order to the Second Circuit (see Jordan v. Lamanna, No. 20-3317), and thereafter asked this Court to stay the September 25 Order pending the outcome of the appeal (the "Motion to Stay"). (ECF No. 38). Petitioner cross-moved for release pending appeal (the "Motion for Release"). (ECF No. 41).

On November 12, 2020, the Court granted in part the Motion to Stay by modifying the September 25 Order "to clarify that the DA's obligation to notify the Court of its intent to retry Jordan is deferred until fourteen (14) days <u>after</u> the Second Circuit issues its decision on the DA's appeal." (the "November 12 Order"). (ECF No. 52 at 17). The Court granted the Motion for Release "to the extent that [Jordan] shall be transferred into federal custody" pursuant to a Writ of Habeas Corpus ad Prosequendum "to permit an interview by Pretrial Services and a bail

hearing before this Court in contemplation of her release on the conditions set forth above." (ECF No. 52 at 17).  Anticipating that the DA might seek a stay of the November 12 Order, the Court sua sponte stayed its order for fourteen days.  (Id.)

The DA has now filed with the United States Court of Appeals an application for a stay of both the September 25 Order and the November 12 Order.  (Jordan, No. 20-3317, ECF No. 17). Accordingly, this Court will refrain from issuing a Writ of Habeas Corpus ad Prosequendum at this time.  The parties are directed to notify the Court in writing within two business days of the Second Circuit's ruling on the State's application for a stay.

Dated:    New York, New York
          November 24, 2020

SO ORDERED

_____
SARAH L. CAVE
**United States Magistrate Judge**