UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GIGI JORDAN,

                              Petitioner,

    -v-

AMY LAMANNA, *superintendent of Bedford Hills*
*Correctional Facility*,

                              Respondent.

CIVIL ACTION NO.: 18 Civ. 10868 (SLC)

**AMENDED ORDER SETTING
<u>CONDITIONS OF RELEASE</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

Pursuant to the bail hearing held Wednesday, December 9, 2020, Petitioner Gigi Jordan was released from federal custody subject to the following conditions:

1. Jordan must post a bond in the amount of $250,000, co-signed by three financially responsible persons, and secured by $100,000 in cash or property.

2. Jordan shall reside at a location in New York City as approved by Pretrial Services, and may not relocate without advance authorization by Pretrial Services.

3. Jordan shall permit Pretrial Services to inspect her residence at any time and shall permit confiscation of any contraband observed in plain view of Pretrial Services.

4. Jordan shall be placed on Home Detention with electronic monitoring as directed by Pretrial Services, and will be permitted to self-install home monitoring equipment at the instruction and under the direction of Pretrial Services.

5. Jordan will be subject to Pretrial Services supervision as directed.

6. Jordan shall not commit any federal, state, or local crime.

7. Jordan shall not unlawfully use or possess a controlled substance unless prescribed by a physician with notice to Pretrial Services, and she will be subject to drug testing at the direction of Pretrial Services.

8. Jordan shall not possess a firearm, ammunition, destructive device, or other dangerous weapon.

9. Jordan shall not leave the Southern and Eastern Districts of New York unless otherwise authorized in advance by Pretrial Services.

10. Jordan must truthfully answer all inquiries by Pretrial Services and follow the instructions of Pretrial Services.

11. Jordan shall refrain from excessive use of alcohol.

12. Jordan shall not associate with any persons she knows to be engaged in criminal activity and shall not associate with any persons she knows to have been convicted of a felony unless otherwise authorized in advance by Pretrial Services.

13. Jordan must notify Pretrial Services within 48 hours of being questioned by a law enforcement officer.

(ECF No. 60 (the "Dec. 9 Order")).

Pursuant to the Dec. 9 Order, Jordan was released from federal custody into the custody of her attorney, and on December 15, 2020, she posted the required bond.  (ECF No. 61).

On the application of Pretrial Services, which is overseeing Ms. Jordan's compliance with the terms of the Dec. 9 Order, to relax the conditions of Ms. Jordan's release, the Court held a status conference on March 8, 2022.  (ECF No. 65; ECF minute entry Mar. 8, 2022 (the "Conference")).  During the Conference, Pretrial Services explained that Ms. Jordan has been

compliant with the Dec. 9 Order in all respects, and recommended that condition #4, Home Detention, be relaxed to a Curfew enforced by electronic monitoring, with hours to be set by Pretrial Services.  Following the Conference, the Court granted Respondent leave to file "a letter advising whether it objects to the recommendation [of Pretrial Services] and setting forth the factual basis for any such objection."  (ECF No. 66).

On March 11, 2022, Respondent filed a letter stating, in sum, that she "takes no position on the modification recommended by Pretrial Services."  (ECF No. 67 ("Respondent's Letter")).

Having considered the application of Pretrial Services, the statements by Pretrial Services during the Conference, Respondent's Letter, and the record in this case, the Court endorses the recommendation of Pretrial Services.  Accordingly, paragraph 4 of the Dec. 9 Order is amended as follows:

Jordan shall be placed on a Curfew with electronic monitoring as directed by and with hours to be set by Pretrial Services, and will be permitted to self-install home monitoring equipment at the instruction and under the direction of Pretrial Services.

All other terms of the Dec. 9 Order and the Court's prior warnings to Ms. Jordan about the consequences of non-compliance remain in effect.  The Court reserves the opportunity to hold a hearing, on its own motion or on the motion of any party or Pretrial Services, to consider whether to modify these conditions at any time.

Dated:    New York, New York             SO ORDERED.
          March 11, 2022

SARAH L. CAVE
**United States Magistrate Judge**