UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIGI JORDAN,<br><br>                    Petitioner,<br><br>        -v-<br><br>AMY LAMANNA, in her official capacity as superintendent of the Bedford Hills Correctional Facility,<br><br>                    Respondent. | CIVIL ACTION NO.: 18 Civ. 10868 (SLC)<br><br>**OPINION & ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

I.   **INTRODUCTION**

On November 20, 2018, Petitioner Gigi Jordan ("Jordan"), who was then serving an 18-year prison sentence following her conviction for first degree manslaughter in New York State Supreme Court, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). This Court granted the Petition, Jordan v. Lamanna, No. 18 Civ. 10868 (SLC), 2020 WL 5743519 (S.D.N.Y. Sept. 25, 2020) ("Jordan I"), and ordered Jordan's release pending appeal. Jordan v. Lamanna, No. 18 Civ. 10868 (SLC), 2020 WL 6647282 (S.D.N.Y. Nov. 12, 2020) ("Jordan II"). The Second Circuit reversed and remanded with instructions to deny the Petition and dismiss the case. Jordan v. Lamanna, 33 F.4th 144 (2d Cir. 2022) ("Jordan III"). Respondent Amy Lamanna, Superintendent of the Bedford Hills Correctional Facility ("Respondent"), where Jordan had been serving her state sentence, now asks the Court to vacate its prior orders setting

1

conditions for Jordan's release pending appeal. (ECF No. 75 (the "Motion")).[1] For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background, a full recitation of which is included in Jordan I and Jordan III. See Jordan III, 33 F.4th at 146–50; Jordan I, 2020 WL 5743519, at *1–7.

On September 25, 2020, the Court granted the Petition and ordered Respondent to "release Jordan from custody unless the DA inform[ed] the Court of its decision to re-try her within the next 90 days." Jordan I, 2020 WL 5743519, at *20. Respondent appealed to the Second Circuit and moved for a stay of Jordan's release from state custody pending appeal, and Jordan cross-moved for release. (ECF Nos. 37; 38 (the "Stay Motion"); 41 (the "Release Motion")). On November 12, 2020, the Court granted the Stay Motion only to the extent that it deferred "the [] obligation to retry Jordan until fourteen days after the Second Circuit issue[d] its decision ruling on [Respondent's] appeal." Jordan II, 2020 WL 6647282, at *7. The Court granted the Release Motion in part, ordering that Jordan be transferred into federal custody for a bail interview and bail hearing. Id. On December 9, 2020, the Court held a bail hearing, at which the Court ordered Jordan's release from federal custody on certain conditions, including the posting of a bond and placement on home detention with electronic monitoring (the "Conditions"). (ECF No. 60 (the "Dec. 9 Order")). The Court "reserve[d] the opportunity to hold a hearing, on its own motion or on the motion of any party or Pretrial Services, to consider whether to monitor these conditions at any time." (Id. at 2).

---

[1] Respondent is represented by the New York County District Attorney (the "DA"). (See ECF No. 9).

The Second Circuit denied Respondent's motion for a stay of the Nov. 12 Order pending appeal, noting that "Jordan has already served some eleven years of her sentence, more than 70 percent of her likely provisional sentence; and the [DA] does not argue that Jordan will pose a danger to the public if released." (ECF No. 54 at 2). On March 11, 2022, on the application of Pretrial Services, which was monitoring Jordan's compliance with the Conditions, the Court relaxed her release status from home detention to curfew. (ECF No. 68 at 3 (the "Mar. 11 Order")). The Court again reserved the opportunity to hold a further bail hearing. (Id.)

On May 5, 2022, the Second Circuit reversed the grant of the Petition and remanded "with instructions for the court to deny the petition for a writ of habeas corpus." Jordan III, 33 F.4th at 154. The mandate was issued on June 16, 2022. (ECF No. 70). Pursuant to the Second Circuit's instructions, on June 16, 2022, the Court denied the Petition and dismissed the case. (ECF No. 71). On July 20, 2022, Justice Sonia Sotomayor granted Jordan's application for an extension of time until November 4, 2022 to file a petition for writ of certiorari. (ECF No. 78).

On June 29, 2022, pursuant to the Court's briefing schedule, Respondent filed the Motion, on July 14, 2022, Jordan filed an opposition, and on July 21, 2022, Respondent filed a reply. (ECF Nos. 73; 75; 77; 79). On August 22, 2022, the Court heard oral argument. (ECF Nos. 80; 84). On August 24, 2022 and August 29, 2022, the Court received post-argument letters from the Jordan and Respondent, respectively. (ECF Nos. 81; 83).

### III.   DISCUSSION

#### A. Legal Standards

A federal habeas corpus petitioner "is subject to federal court jurisdiction during the pendency of [her] petition for a writ of habeas corpus and any appeal from an order granting that

writ." Waiters v. Lee, 168 F. Supp. 3d 447, 454 (E.D.N.Y. 2016); see Rosa v. McCray, No. 03 Civ. 4643 (GEL), 2004 WL 2827638, at *7 (S.D.N.Y. Dec. 8, 2004) (noting that federal district court retains jurisdiction to issue bail order pending appeal to Court of Appeals); Jago v. U.S. Dist. Ct., 570 F.2d 618, 621 (6th Cir. 1978) (explaining that once writ of habeas corpus is granted, "the body of the petitioner [comes] under the lawful control of the district court. In legal contemplation that control continues pending decision whether to free the petitioner or return him to state custody.").

For the procedure applicable to custody of a habeas corpus petitioner while the appeal process is pending, the Court looks first to the Federal Rules of Appellate Procedure, of which Rule 23 provides:

> **(a) Transfer of Custody Pending Review**. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.
>
> **(b) Detention or Release Pending Review of Decision Not to Release**. While a decision not to release a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme court, or a judge or justice of either court, may order that the prisoner be: (1) detained in the custody from which release is sought; (2) detained in other appropriate custody; or (3) released on personal recognizance, with or without surety.
>
> **(c) Release Pending Review of Decision Ordering Release**. While a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety.
>
> **(d) Modification of the Initial Order on Custody**. An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or

the Supreme Court or a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued.

Fed. R. App. P. 23; see Ostrer v. U.S., 584 F.2d 594, 597 (2d Cir. 1978) (noting that Fed. R. App. P. 23(b) governs "[t]he custody of habeas petitioners during the pendency of their habeas proceedings")).

Because Jordan's time to seek review before the United States Supreme Court has been extended (ECF No. 78), the Court also considers Rule 36 of the Rules of the Supreme Court of the United States, which similarly provides:

1. Pending review in this Court of a decision in a habeas corpus proceeding commenced before a court, Justice, or judge of the United States, the person having custody of the prisoner may not transfer custody to another person unless the transfer is authorized by this Rule.

2. Upon application by a custodian, the court, Justice or judge who entered the decision under review may authorize transfer and the substitution of a successor custodian as a party.

3. (a) Pending review of a decision failing or refusing to release a prisoner, the prisoner may be detained in the custody from which release is sought or in other appropriate custody or may be enlarged on personal recognizance or bail, as may appear appropriate to the court, Justice, or judge who entered the decision, or to the court of appeals, this Court, or a judge or Justice of either court.

    (b) Pending review of a decision ordering release, the prisoner shall be enlarged on personal recognizance or bail, unless the court, Justice, or judge who entered the decision, or the court of appeals, this Court, or a judge or Justice of either court, orders otherwise.

4. An initial order respecting the custody or enlargement of the prisoner, and any recognizance or surety taken, shall continue in effect pending review in the court of appeals and in this Court unless for reasons shown to the court of appeals, this Court, or a judge or Justice of either court, the order is modified or an independent order respecting custody, enlargement, or surety is entered.

U.S. Sup. Ct. R. 36.

B. <u>Analysis</u>

In the Motion, Respondent asks the Court to "confirm that the [Dec. 9 and Mar. 11] Orders are no longer in effect, or vacate those orders." (ECF No. 76 ¶ 5). Respondent argues that the Dec. 9 and Mar. 11 Orders "expired by their own terms" because the Second Circuit's decision in <u>Jordan III</u> was an "independent order regarding custody" within the meaning of Rule 23(d) requiring that Jordan be returned to state custody. (<u>Id.</u> ¶ 6). Alternatively, if the Dec. 9 and Mar. 11 Orders remain in effect, Respondent asks the Court to "exercise [] discretion here to vacate the [Dec. 9 and Mar. 11] Orders because there is no longer a justification for [Jordan] to avoid state custody." (<u>Id.</u> ¶ 11).

Jordan responds that <u>Jordan III</u> was not an "independent order respecting custody," and this Court "is not the correct forum for the [DA's] [M]otion[,]" citing Supreme Court Rule 36.4. (ECF No. 77 at 6). Having received an extension of time to file her petition for a writ of certiorari, Jordan argues that "the case is presently pending review before the Supreme Court within the meaning of Rule 36.4," which requires Respondent "to seek relief, if at all, from Justice Sotomayor, as the Circuit Justice for the Second Circuit." (<u>Id.</u> at 8). Alternatively, if the Court were to address the merits (which she asks the Court not to do (ECF No. 84 at 13–14)), Jordan argues that Respondent has not met her burden to show that the factors set forth in <u>Hilton v. Braunskill</u>, 481 U.S. 770 (1987) justify rescinding the Dec. 9 and Mar. 11 Orders. (ECF Nos. 77 at 13–16; 84 at 13–14).

The Court finds that it lacks authority to modify or vacate the Dec. 9 and Mar. 11 Orders at this time. Rule 23(d) is clear that the Dec. 9 and Mar. 11 Orders were "initial order[s] governing" Jordan's release that "continue[] in effect pending review unless for special reasons

shown <u>to</u> <u>the</u> <u>court</u> <u>of</u> <u>appeals</u> <u>or</u> <u>the</u> <u>Supreme</u> <u>Court</u>, <u>or</u> <u>to</u> <u>a</u> <u>judge</u> <u>or</u> <u>justice</u> <u>of</u> <u>either</u> <u>court</u>, the order is modified or an independent order regarding custody, release, or surety is issued." Fed. R. App. P. 23(d) (emphasis added). Rule 23(d) thus precludes <u>this</u> Court from now modifying or vacating the Dec. 9 and Mar. 11 Orders while Jordan seeks Supreme Court review. See <u>Elvik v. Bunce</u>, No. 3:04-cv-00471-GMN-WGC, 2014 WL 2803447, at *2 (D. Nev. June 19, 2014) (explaining that, "once the initial custody determination is made and Rule 23(d) applies, a motion to modify the custody order should not be considered by the district court, but by the Court of Appeals or the Supreme Court").

The Court also rejects Respondent's contention, based on the Second Circuit's decision in <u>Ostrer v. U.S.</u>, 584 F.2d 594 (2d Cir. 1978), that the Second Circuit's decision in <u>Jordan III</u> itself was an "independent order" regarding Jordan's custody. (ECF No. 76 ¶ 9). In <u>Ostrer</u>, the Second Circuit considered whether a federal criminal defendant "was entitled to remain at liberty pending possible review" of the affirmance of the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. 584 F.2d at 596. After the Second Circuit had affirmed Ostrer's conviction and the denial of his request for a new trial, and the Supreme Court denied certiorari, Ostrer sought to avoid surrendering to begin his sentence by filing a second motion for a new trial. 584 F.2d at 596. The district court denied the second motion, but ordered that Ostrer be "'continued on his existing bail pending appellate finality, unless the Court of Appeals shall direct otherwise.'" <u>Id.</u> (quoting <u>Unites States v. Ostrer</u>, 422 F. Supp. 93, 108 (S.D.N.Y. 1976)). The Second Circuit affirmed the denial of the second motion, "and ordered that [the] mandate issue forthwith." <u>Id.</u> (citing <u>United States v. Ostrer</u>, 551 F.2d 303 (2d Cir. 1976)). When the government again noticed Ostrer's surrender, he filed a habeas corpus petition. <u>Id.</u> The district court denied Ostrer's

7

petition, and extended his bail "'until the Court of Appeals shall determine Ostrer's appeal . . . or otherwise direct.'" Id. The Second Circuit affirmed and again "directed that the mandate issue forthwith." Id. at 597 (citing Ostrer v. United States, 577 F.2d 782 (2d Cir. 1978)).

In holding that Ostrer "was required to surrender" to begin serving his sentence, Ostrer, 584 F.2d at 596, the Second Circuit relied on two grounds. First, because the district court's order permitting Ostrer to remain at liberty while his habeas petition was pending provided that it was in place "'until the Court of Appeals shall determine [his] appeal . . . , or otherwise direct,'" that order "expired by its own terms and Ostrer was bound to surrender and start serving his sentence" when the Second Circuit affirmed the denial of his habeas petition. Id. at 598. Second, the Second Circuit held that its "direction that the mandate issue forthwith . . . constituted an 'independent order respecting . . . custody' under Rule 23(d) . . . ." Id. (noting that such directives ("[t]raditionally . . . ha[ve] come to mean that based on [the Second Circuit's] careful review of all points raised by the appellant, [it is] satisfied (1) that [it] would not change its decision upon rehearing, much less hear the case en banc, and (2) that there is no reasonable likelihood that the Supreme Court would grant review" and that "[i]n such a case the interests of justice are best served by directing, in effect, that the defendant or habeas petitioner commence serving his sentence"). Thus, "once [the Second Circuit] directed that the mandate issue immediately," the district court "lacked the power under Rule 23" to grant bail to Ostrer. Id.; see id. at 599 (explaining that the court "directed that the mandate issue forthwith, which constituted an independent order respecting custody within the meaning of Rule 23(d)").

The Court finds that Ostrer does not provide a basis to vacate the Dec. 9 and Mar. 11 Orders. First, as Respondent concedes, unlike the district court's release order in Ostrer, neither

8

the of the Court's orders here specified that they would expire on the Second Circuit's ruling on the Petition. Compare Ostrer, 594 F.2d at 596 with Jordan II, 2020 WL 6647282, at *7. (See ECF Nos. 60; 68; 76 ¶ 3 ("Your Honor's Orders did not specify an expiration date . . . .")). Despite this obvious concession, Respondent misconstrues the Court's statement that Jordan would "'be back in the state's jurisdiction'" after the appeal "has been resolved by the Second Circuit" as a basis to find that the Dec. 9 and Mar. 11 Orders have expired (ECF No. 76 ¶ 6); the Court there, however, was resolving a different issue, i.e., Respondent's erroneous argument that the Court lacked jurisdiction to consider bail conditions at all pending Jordan's appeal to the Second Circuit. See Jordan II, 2020 WL 6647282, at *5 (quoting Waiters v. Lee, 168 F. Supp. 3d 447, 455 (E.D.N.Y. 2016)). Accordingly, neither the Dec. 9 nor the Mar. 11 Orders have expired by their terms.

Second, in Jordan III, unlike in Ostrer, the Second Circuit did not direct that the mandate issue "forthwith" or otherwise instruct this Court to vacate the Dec. 9 and Mar. 11 Orders. Compare Ostrer, 594 F.2d at 598 with Jordan III, 33 F.4th at 154. While the mandate issued in the ordinary course pursuant to Federal Rule of Appellate Procedure 41 (see ECF Nos. 70; 84 at 9), the Second Circuit has not issued an "independent order regarding custody" of Jordan. U.S. Sup. Ct. R. 36.4; Fed. R. App. P. 23(d). To adopt Respondent's argument that every Second Circuit decision reversing the grant of a habeas corpus petition automatically constitutes an "independent order regarding custody" would render Rule 23(d) and Supreme Court 36.4 superfluous to Rule 23(c) and Supreme Court Rule 36.3(b), respectively. See Sprint Spectrum, L.P. v. Willoth, 176 F.3d 630, 640 (2d Cir. 1999) ("It is a well-settled rule of statutory construction that 'courts should disfavor interpretations of statutes that render language superfluous.'" (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992)). Absent the specific instructions

that appeared in the Second Circuit's order in Ostrer—not simply the existence of its decision denying the Petition—this Court has not received an instruction to vacate the Dec. 9 and Mar. 11 Orders, and finds no authority in Rule 23(d) or Supreme Court Rule 36.4 to do so.

Because the Court finds that it does not have authority to modify or vacate the Dec. 9 and Mar. 11 Orders, the Court declines to reach Jordan's alternative argument that Respondent has failed to meet her burden to demonstrate that the Hilton factors justify rescinding the Conditions of Jordan's release.

### IV. CONCLUSION

For the reasons set forth above, Respondent's Motion is DENIED. The Clerk of the Court is respectfully directed to close ECF No. 75.

Dated:   New York, New York
         September 2, 2022

_____
SARAH L. CAVE
United States Magistrate Judge